IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JURY TRIAL REQUESTED

| | | |
|---|---|---|
| **COMPETITION SALES, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 4:25-cv-5419 |
| | § | |
| VS. | § | |
| | § | |
| **UNITED FINANCIAL CASUALTY** | § | |
| **COMPANY** | § | |
| *Defendant.* | § | |

NOTICE OF REMOVAL

Defendant **UNITED FINANCIAL CASUALTY COMPANY,** (hereinafter "Defendant"), files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. § 1446(a) and would respectfully represent and show unto this Court the following:

**A. Introduction**

1.      Defendant has filed its Civil Cover Sheet pursuant to Local Rule 3 and has complied with Local Rule 81. *See* **Exhibit A.**

2.      On or about October 2, 2025, Plaintiff **COMPETITION SALES, INC.,** ("Plaintiff") initiated the state court lawsuit against Defendant **UNITED FINANCIAL CASUALTY COMPANY** in the at 165th Judicial District Court of Harris County, Texas, styled *Competition Sales, Inc. v. United Financial Casualty Company*; Cause No. 2025-75356 (the "State Court Action"). In the State Court Action, Plaintiff alleged causes of action for breach of contract, bad faith, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act against Defendant. Plaintiff seeks to recover damages for amounts due and owing under a contract of insurance; economic damages and mental anguish damages under the Texas Insurance

Code; economic damages and mental anguish damages under the Texas Business and Commerce Code, all of which are based on the non-payment or underpayment of the plaintiff's claims under his insurance policy. *See Plaintiff's Original Petition*, attached hereto as **Exhibit B.** Plaintiff pleads an amount in controversy of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. *See Plaintiff's Original Petition,* at ¶ 59. Plaintiff further seeks treble damages under the DTPA and Texas Insurance Code; statutory interest; mental anguish damages; pre-judgment interest; post-judgment interest; attorneys' fees and exemplary damages. *Id*. at ¶ 50-59. It is apparent from the face of the petition that Plaintiff's claimed damages exceed the requisite amount in controversy of $75,000.00. *See* 28 U.S.C. § 1332(a)(1)*; Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *see also* 28 U.S.C. § 1446(c)(2); *DeAguilar v. Boeing Co*., 47 F.3d 1404, 1410 (5th Cir. 1995); *cert. denied* 516 U.S. 865 (1995).

3. The attorneys involved in the action being removed are listed as follows:

| Party and Party Type | Attorney(s) |
|---|---|
| Competition Sales, Inc. – Plaintiff | Chad T. Wilson<br>Patrick C. McGinnis<br>CHAD T. WILSON LAW FIRM PLLC<br>455 E. Medical Center Blvd., Suite 555<br>Webster, Texas 77598<br>Phone: (832) 415-1432<br>Facsimile: (281) 940-2137<br>E-service: eservice@cwilsonlaw.com<br>Email: cwilsoon@cwilsonlaw.com<br>         pmcginnis@cwilsonlaw.com<br>SBN: 24079587 – Chad<br>      13631900 – Patrick |
| United Financial Casualty Company – Defendant | Amy Lyn Harrington-00793795<br>David H. Bradley-00783704<br>Natalie Piltzmaker- 24132166<br>WALTERS, BALIDO & CRAIN, L.L.P.<br>2500 Tanglewilde, Suite 450 |

>Houston, Texas 77063
>Phone: 713-832-1500
>Email: HarringtonEdocs@wbclawfirm.com

4.  The name and address of the court from which the case is being removed is as follows:

>165th Judicial District Court, Harris County
>The Honorable Judge Bruce W. Bain
>Harris County Civil Courthouse
>201 Caroline, 12th Floor
>Houston, Texas 77002
>Phone: (832) 927-2365

## B. The Notice Of Removal Is Timely

5.  Defendant' agent was served with citation and a copy of Plaintiff's Original Petition on or about October 15, 2025. *See* **Exhibit C**. Pursuant to 28 U.S.C. §§ 1446(b), 1446(c)(1), Defendant' Notice of Removal was filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of an initial pleading from which it may first be ascertained that the case is one which is or has become removable, and within one year from commencement of this suit. The Houston Division of the Southern District of Texas is the proper venue because: (1) the property, which was allegedly damaged and which forms the basis of Plaintiff's lawsuit, is located in Harris County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was filed and is pending in Harris County. *See* 28 U.S.C. § 1441(a). Harris County is within the jurisdictional limits of the Houston Division. 28 U.S.C. § 124(c)(2).

6.  All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are included in the Index of Matters Being Filed, attached. In addition, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Harris County District Clerk's Office and served on the Plaintiff.

7. Copies of all pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a), together with an index as required under Local Rule 81. *See* **Exhibit D.**

8. A jury trial was requested in state court and a jury fee was paid. Defendant hereby requests a jury trial in this cause of action pursuant to Local Rule 81.

### C. Complete Diversity & Amount In Controversy Is Over the Threshold

9. Plaintiff Competition Sales, Inc. is now, and was at all times relevant hereto, a corporation formed under the laws of the State of Texas with its principal place of business in Texas. As such, Plaintiff is a citizen of Texas.

10. Defendant United Financial Casualty Company is now, and was at all times relevant hereto, a corporation formed under the laws of the State of Ohio with its principal place of business in Ohio. As such, Defendant is a citizen of Ohio.

11. In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C. §§ 1332(a), 1332(c)(1) 1441(b).

12. Further, the case before the Court involves an amount in controversy of more than $75,000. *See* 28 U.S.C. § 1332(a). A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). In the State Court Action, Plaintiff alleges it seeks monetary relief of "no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees". See **Exhibit B, ¶ 59**. This amount has a potential of damages in excess of the jurisdictional minimums, especially considering

the language in plaintiff's petition alleging treble statutory damages and punitive damages. Thus, the amount in controversy in the instant case meets the requirements for removal.

### D. Basis for Removal

13.     Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiff is a citizen of Texas, Defendant is a citizen of Ohio, and the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

### E. Filing of Notice with State Court

14.     Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record and to the clerk of the state court action.

### F. Prayer

**WHEREFORE, PREMISES CONSIDERED,** Defendant United Financial Casualty Company requests that this Court proceed with the handling of this cause of action as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that it has such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

BY:    */s/ Amy Lyn Harrington*
Amy Lyn Harrington- 00793795
DAVID H. BRADLEY – 00783704
Natalie Piltzmaker - 24132166
WALTERS, BALIDO & CRAIN, L.L.P.
2500 Tanglewilde, Suite 450
Houston, Texas 77063
Phone: 713-832-1500
Email: HarringtonEdocs@wbclawfirm.com
**ATTORNEYS FOR DEFENDANT**
**UNITED FINANCIAL CASUALTY**
**COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of November, 2025, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

Chad T. Wilson
Patrick C. McGinnis
CHAD T. WILSON LAW FIRM PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
T: 832-415-1432
Via Facsimile: 281-940-2137
*Via E-service:* eservice@cwilsonlaw.com
*Via Email:* cwilsoon@cwilsonlaw.com
         pmcginnis@cwilsonlaw.com
SBN: 24079587 – Chad
      13631900 – Patrick

           */s/ Amy Lyn Harrington*
           AMY LYN HARRINGTON