# EXHIBIT B

## Service of Process Transmittal Summary

**TO:**     Rachael Hembree, Claims Attorney
Progressive Casualty Insurance Company
300 N COMMONS BLVD
MAYFIELD VILLAGE, OH 44143-1589

**RE:**     **Process Served in Texas**

**FOR:**     United Financial Casualty Company  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | COMPETITION SALES, INC. vs. UNITED FINANCIAL CASUALTY COMPANY |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Certificate |
| **COURT/AGENCY:** | 165th Judicial District Court of Harris County, TX<br>Case # 202575356 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/15/2025 at 14:31 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Chad T. Wilson<br>CHAD T. WILSON LAW FIRM PLLC<br>455 E Medical Center Blvd, Ste 555<br>Webster, TX 77598<br>713-222-6000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/17/2025, Expected Purge Date: 10/22/2025<br><br>Image SOP<br><br>Email Notification,  Rachael Hembree  rachael_hembree@progressive.com<br><br>Email Notification,  Lindsey Zorichak  lindsey_zorichak@progressive.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
10/15/2025
CT Log Number 550384941

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Oct 15, 2025
**Server Name:**             Innocent Anye

| Entity Served | UNITED FINANCIAL CASUALTY COMPANY |
|---|---|
| Case Number | 202575356 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



Receipt Number: 1041180
Tracking Number: 74557003

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202575356

| | |
|---|---|
| PLAINTIFF: COMPETITION SALES INC | In the 165th Judicial |
| vs. | District Court of |
| DEFENDANT: UNITED FINANCIAL CASUALTY COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNITED FINANCIAL CASUALTY COMPANY (A FOREIGN INSURANCE COMPANY) MAY BE SERVED WITH PROCESS THROUGH ITS REGISTERED AGENT FOR SERVICE | CT CORPORATION SYSTEM

1999 BRYAN STREET | SUITE 900

DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

This instrument was filed on October 2, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this October 9, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: PATRICIA JONES

Issued at request of:
WILSON, CHAD TROY
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER, TX  77598-0000
832-415-1432
Bar Number: 24079587

Tracking Number: 74557003
EML

CAUSE NUMBER: 202575356

| | |
|---|---|
| PLAINTIFF: COMPETITION SALES INC | In the 165th |
| vs. | Judicial District Court |
| DEFENDANT:  UNITED  FINANCIAL  CASUALTY COMPANY | of Harris County, Texas |

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of _____, 20_____.

Executed at (address) _____

in _____ County

at _____ o'clock _____. M., on the _____ day of _____, 20 _____,

by delivering to _____ defendant, in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE:  $ _____            _____

                                _____ of _____

County, Texas

_____            By:  _____
            Affiant                                        Deputy

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____.

_____
Notary Public

10/2/2025 4:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 106391722
By: Patricia Jones
Filed: 10/2/2025 4:33 PM

CAUSE NO. _____

| | | |
|---|---|---|
| COMPETITION SALES, INC., | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| UNITED FINANCIAL CASUALTY COMPANY, | § | |
| | § | |
| | § | |
| | § | _____ DISTRICT COURT |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Competition Sales, Inc., ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Financial Casualty Company ("Defendant UFCC") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.     Plaintiff, Competition Sales, Inc., does business in Harris County, Texas.

3.     Defendant, United Financial Casualty Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Defendant UFCC, through its registered agent for service: **CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.** Plaintiff requests service at this time.

## JURISDICTION

4. The Court has jurisdiction over Defendant UFCC because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant UFCC's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff asserts claims for breach of contract, negligence, gross negligence, negligent hiring, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owns an United Financial Casualty Company insurance policy, number PGR944572227 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 402 West Southmore Avenue, Pasadena, Texas77502 ("the Property").

8. United Financial Casualty Company or its agent sold the Policy, insuring the Property, to Plaintiff. United Financial Casualty Company represented to Plaintiff that the Policy included hail and windstorm On or about July 8, 2024, the Property sustained extensive damage resulting from windstorm and hail events caused by Hurricane Beryl which affected Harris County and surrounding counties in Texas.

2

9.    In the aftermath of the hurricane, Plaintiff submitted a claim to Defendant UFCC against the Policy for damage to the Property.  Defendant UFCC assigned claim number 103319-201-244444 to Plaintiff's claim.

10.    Plaintiff asked Defendant UFCC to cover the cost of damage to the Property pursuant to the Policy.

11.    Defendant UFCC hired or assigned Justin Kuhl, to inspect and adjust the claim.   Justin Kuhl conducted an inspection on or about July 11, 2024, according to the information contained in his estimate. Justin Kuhl's findings generated an estimate of damages totaling $114,039.16 After application of depreciation and $8,323.20 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of their claim.

12.    Defendant UFCC, through its agent, Justin Kuhl, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in his estimate and yielded an unrealistic amount to underpay coverage.

13.    Defendants UFCC ultimately denied full coverage, including but not limited to replacement of the roof and repairs for additional exterior damage and undervaluing the cost of other repairs to Plaintiff's Property. Specifically, Justin Kuhl stated that the roof damage was the result of wear and tear and therefore not covered under the policy. However, a third-party inspector retained to assess the damage to Plaintiff's Property concluded that the roof was, in fact, damaged by windstorm and hail events.

14.    The damage to Plaintiff's Property is currently estimated at $289,982.76.

15.    Justin Kuhl had a vested interest in undervaluing the claims assigned to him by Defendant UFCC in order to maintain his employment. The disparity in the number of damaged items

3

in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Justin Kuhl.

16. Justin Kuhl had advanced knowledge of the damages he needed to document in order to be able to underpay the claim.

17. Justin Kuhl misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Justin Kuhl made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18. After reviewing Plaintiff's Policy, Justin Kuhl misrepresented that the roof damage was caused by non-covered perils. Justin Kuhl used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's roof would not be covered under the policy.

19. As stated above, Defendant UFCC improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Defendant UFCC misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

20. Defendant UFCC made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant UFCC made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Justin Kuhl.

21. Plaintiff relied on Defendant UFCC's misrepresentations, including but not limited to those

4

regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

22.   Upon receipt of the inspection and estimate reports from Justin Kuhl, Defendant UFCC failed to assess the claim thoroughly. Based upon Justin Kuhl's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Defendant UFCC failed to provide full coverage due under the Policy, and Plaintiff suffered damages.

23.   Because Defendant UFCC failed to provide full coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. Consequently, the Property has sustained further damage, and Plaintiff has suffered lost business profits.

24.   Furthermore, Defendant UFCC failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, UFCC performed an unreasonable and substandard inspection that allowed Defendant UFCC to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

25.   Defendant UFCC's misrepresentations and unreasonable delays constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

5

26. Defendant UFCC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Defendant UFCC failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Defendant UFCC failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff full coverage due under the Policy.

27. Defendant UFCC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Defendant UFCC failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

28. Additionally, after Defendant UFCC received statutory demand on or about April 14, 20205, Defendant UFCC has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

29. Defendant UFCC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). UFCC performed a biased and intentionally substandard inspection designed to allow Defendant UFCC to refuse to provide full coverage to Plaintiff under the Policy.

30. Specifically, Defendant UFCC performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

31. Defendant UFCC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to UFCC's subpar inspection,

Defendant UFCC failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

32. Defendant UFCC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to UFCC's intentional undervaluation of Plaintiff's claims, Defendant UFCC failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, UFCC's understatement of the damage to the Property caused Defendant UFCC to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

33. Defendant UFCC's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

34. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

35. Defendant UFCC is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Defendant UFCC and Plaintiff.

7

36.     Defendant UFCC's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Defendant UFCC's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37.     Defendant UFCC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

38.     Defendant UFCC's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

39.     Defendant UFCC's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Defendant UFCC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

40.     Defendant UFCC's unfair settlement practice of failing to provide Plaintiff with a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

41.     Defendant UFCC's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition

8

and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42. Defendant UFCC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

43. Defendant UFCC's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44. Defendant UFCC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

45. Defendant UFCC's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Defendant UFCC knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

46. Defendant UFCC's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Defendant UFCC pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Defendant UFCC.

9

Specifically, Defendant UFCC's violations of the DTPA include, without limitation, the following matters:

A.  By its acts, omissions, failures, and conduct, Defendant UFCC has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Defendant UFCC's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Defendant UFCC represented to Plaintiff that the Policy and Defendant UFCC's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Defendant UFCC represented to Plaintiff that Defendant UFCC's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Defendant UFCC advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Defendant UFCC breached an express warranty that the damages to the roof were caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

10

F.     Defendant UFCC's actions are unconscionable in that Defendant UFCC took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Defendant UFCC's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.     Defendant UFCC's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

47.    Each of the above-described acts, omissions, and failures of Defendant UFCC is a producing cause of Plaintiff's damages.  All of Defendant UFCC's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

48.    Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

49.    Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

50.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden

to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

51. Plaintiff currently estimates that actual damages to the Property under the Policy are $289,982.76.

52. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

53. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

54. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

55. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

56. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of

12

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Defendant UFCC owed, exemplary damages, and damages for emotional distress.

57.    Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

58.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually

13

awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, , Inc., be cited and served to appear, and that upon trial hereof, , recovers from Defendant, , such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show itself justly entitled.

*(Space left intentionally blank...)*

14

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

15

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Peyton Turnbow on behalf of Patrick McGinnis
Bar No. 13631900
pturnbow@cwilsonlaw.com
Envelope ID: 106391722
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition, Jury Demand, & RFD
Status as of 10/3/2025 9:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick C.McGinnis | | pmcginnis@cwilsonlaw.com | 10/2/2025 4:33:09 PM | NOT SENT |
| Chad Wilson | | eservice@cwilsonlaw.com | 10/2/2025 4:33:09 PM | NOT SENT |
| Teresa Westberry | | twestberry@cwilsonlaw.com | 10/2/2025 4:33:09 PM | NOT SENT |